## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA

Alexandria Division

```
_____
                               )
TRIVERITY CORP.,               )
                               )
        Plaintiff,             )
                               )
v.                             )      Civil Action No. 05-391
                               )
                               )
WILLIAM J. MCDERMID, and       )
ADAPTIVE SYSTEMS, INC.,        )
                               )
        Defendants.            )
_____)
```

**MEMORANDUM OPINION**

This matter comes before the Court on Plaintiff's Motion to Dismiss Defendants' Counterclaims and Plaintiff's Motion to Strike Defendants' Affirmative Defenses. In February 2004, Plaintiff and Defendants entered into a written agreement for the development and production of component parts for Plaintiff's "XtremeX3" system. Plaintiff alleges that Defendants failed to perform and filed the instant Complaint alleging breach of contract, breach of warranty, fraud, constructive fraud, and a violation of the Uniform Trade Secrets Act, pursuant to Va. Code Ann. §§ 59.1-336, et seq. In their Answer, Defendants filed six Counterclaims alleging breach of contract, misrepresentation and fraud, negligent and intentional concealment and failure to disclose, constructive fraud, estoppel, and quantum meruit. In addition, Defendants listed a number of affirmative defenses,

including negligence, laches, assumption of risk, failure to comply with conditions precedent, and contributory negligence. Plaintiffs filed the instant Motion to Dismiss all of Defendants' Counterclaims as well as the above mentioned affirmative defenses.

When ruling on a motion to dismiss, this Court must "assume the truth of all facts alleged in the complaint and the existence of any fact that can be proved, consistent with the complaint's allegations." E. Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship, 213 F.3d 175, 180 (4th Cir. 2000). While the Court must consider the facts in the light most favorable to the plaintiff, unreasonable conclusions without factual support, unwarranted inferences, and arguments are insufficient to state a claim upon which relief can be granted. Id.

Defendants' first counterclaim for relief alleges breach of contract. The Court finds that this first Counterclaim does state a claim upon which relief can be granted, and Plaintiff's Motion to Dismiss should be denied as to that claim. Defendants' second, third, and fourth claims for relief allege that Plaintiff is liable for misrepresentation and fraud ("Count II"), negligent and intentional concealment and failure to disclose ("Count III"), and constructive fraud ("Count IV"). Plaintiffs move to dismiss these claims on the grounds that the claims are not pled with particularity as required by Federal Rule of Civil Procedure

9(b) and that there is no allegation of a breach of any duty other than those arising under contract.

Rule 9(b) states that "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." Fed. R. Civ. P. 9(b) (2004). A complaint's "lack of compliance with 9(b)'s pleading requirements is treated as a failure to state a claim under 12(b)(6)." Harrison v. Westinghouse Savannah River Co., 176 F.3d 776, 783 n.5 (4th Cir. 1999). Particularity in pleading refers to "the time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what he obtained thereby." Id. at 784 (quoting 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure: Civil § 1297, at 590 (2d ed. 1990)).

The Court finds that Counts II, III, and IV of Defendants' Counterclaims do not meet the specificity requirements of Federal Rule of Civil Procedure 9(b). With respect to Count II, Defendants allege that Plaintiff, "through its managers, agents, and employees made certain representations and misrepresentations," but fails to state what those representations and misrepresentations actually were and specifically which managers, agents, and employees made them. In Count III, Defendants state that Plaintiff, "through its managers, agents and employees, concealed from McDermid and ASI

and failed to disclose to McDermid and ASI past or present material facts, and material intentions and material plans," but Defendants fail to state with specificity what those material facts, intentions and plans were. Finally, as to Count IV, Defendants claim that Plaintiff represented material facts that were true but would create a false impression of other material facts; however, Defendants fail to disclose the nature of those representations and the identity of those who made them. As to Plaintiff's argument that the acts in Counts II, III, and IV should be barred because there is no allegation of a breach of any duty other than those arising under contract, the Court cannot determine whether the allegations of fraud arise in connection with the contract between Plaintiff and Defendants or whether the allegations of fraud are wholly separate because Defendant have failed to plead those counts in conformity with the requirements of 9(b). Nevertheless, Counts II, III, and IV should be dismissed because Defendants have failed to plead them with the requisite specificity.

In Count V, Defendants plead estoppel which is not a cause of action in the Commonwealth of Virginia. W.J. Schafer Assocs., Inc. v. Cordant, Inc., 254 Va. 514 (1997). Accordingly, Count V should be dismissed. Defendants' sixth cause of action is for quantum meruit. The Court finds that Defendants have stated a claim upon which relief can be granted and denies Plaintiff's

Motion to Dismiss Count VI.

Plaintiff also moves to strike some of Defendants' affirmative defenses because they do not apply to the case at bar. Pursuant to Federal Rule of Civil Procedure 12(f), the Court may strike any insufficient defense from any pleading. Specifically, Plaintiff moves to strike Defendants' contributory negligence defenses ("second and fifteenth defenses"), Defendants' assumption of risk defense ("seventh defense"), Defendants' laches defense ("fifth defense"), and Defendants' failure to comply with conditions precedent defense ("eighth defense"). Contributory negligence and assumption of risk are not defenses to breach of contract claims or intentional torts, but Defendants contend that they could be defenses for constructive fraud, as alleged by Plaintiff in Count V. The Court finds, however, that contributory negligence and assumption of risk do not apply to any of the causes of action in Plaintiff's Complaint; therefore, Defendants' second, eighth and fifteenth Defenses should be stricken from the Answer.

The Court finds that Defendants have stated valid Defenses with respect to laches and failure to comply with conditions precedent; therefore, Plaintiff's Motion to Strike should be denied as to Defendants' fifth and eighth Defenses.

An appropriate Order shall issue.

/s/

_____
CLAUDE M. HILTON
UNITED STATES DISTRICT JUDGE

Alexandria, Virginia
July 8, 2005